UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. HUITRON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. PADRNOS, et al.,<br><br>　　　　Defendants. | **CASE No. 1:16-cv-00415—AWI-MJS (PC)**<br><br>**ORDER APPROVING, IN PART, PARTIES' STIPULATION FOR PROTECTIVE ORDER AND ISSUING PROTECTIVE ORDER FOR CONFIDENTIAL MATERIALS** |

Plaintiff Jose L. Huitron is a former state prisoner proceeding in forma pauperis in this civil rights action challenging the conditions of his confinement pursuant to 42 U.S.C. § 1983. His case proceeds on his first amended complaint against Defendants Padrnos, Pena, Gonzales, and Guerrero for excessive force in violation of the Eighth Amendment. (ECF No. 9.) On December 19, 2016, Defendants filed their answer. (ECF No. 15.) On December 20, 2016, the Court issued a discovery and scheduling order. (ECF No. 16.)

On June 23, 2017, the parties filed a joint stipulation and proposed order for a protective order for certain documents deemed confidential by Defendants. (ECF No. 21.) Therein, the parties explained that, as part of discovery, Plaintiff requested "[a]ll records of any CDCR committee pertaining to any investigation" of the alleged incident. In the course of investigating Plaintiff's requests, Defense counsel came into possession of the use-of-force review of Incident Log No. COR-04A-15-05-0320, which contained

1

documents responsive to Plaintiff's request. However, Defendants maintained that the material was subject to qualified privilege as official information under Federal common law, and, in California, was confidential under state laws and regulations. Defendants also claimed that the unprotected disclosure of these materials could negatively impact institutional security. Over Defendants' objections, Plaintiff demanded the production of summaries of witness statements and any transcript and audio or video recording of said statements, to the extent such material existed.

After several meet-and-confers, the parties stipulated that the production of certain confidential documents would be appropriate subject to a protective order limiting their use to "Attorneys' Eyes Only" information to maintain the safety and security of CDCR institutions, staff, and inmates. Defendants agreed to produce the summaries of witness statements made as part of the use of force review of Incident Log No. COR-04A-15-05-0329, as well as any transcript and audio or video recording of these statements, if they exist.

The Court has reviewed the proposed protective order, and finds it is acceptable save for one clause: proposed paragraph 7 stipulates that "[a]ny confidential material filed with the Court by either party shall be filed and maintained under seal." Courts generally do not approve stipulations to seal documents produced in the course of litigation unless and until the parties have made the requisite showing of good cause. See Oliner v. Kontrabecki, 745 F.3d 1024, 1025 (9th Cir. 2014); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). As no such good cause showing has yet been made here, the Court declines to approve the parties' stipulation to seal any confidential material at this time. Should the need arise, the parties are free to seek leave to seal confidential documents in the future.

Accordingly, the following protective order shall issue:

**CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

Because of their relevance to this action, the Defendants will produce the confidential material with the label "Confidential, Attorneys' Eyes Only" without requiring Plaintiff to move to compel its production, subject to this protective order and objections asserted in Defendants' responses to Plaintiff's discovery requests, on the following conditions:

1. The social security numbers and any other confidential personal information of CDCR staff or other witnesses shall be redacted.

2. The confidential material may be disclosed only to the following persons:

    (a) Counsel of record for Plaintiff in this action;

    (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff;

    (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

    (d) Any outside expert or consultant retained by Plaintiff's counsel for purposes of this action;

    (e) Witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition or preparation with copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this order;

3. Plaintiff's counsel and his legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. All confidential material in possession of Plaintiff's counsel shall be destroyed or returned to the CDCR within sixty days of the time it is no longer needed for purposes of this litigation.

5. When Plaintiff's counsel returns or destroys the confidential material, he shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed.

6. All confidential material obtained by Plaintiff's counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

7. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

8. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents;

    (c) To object to a discovery request.

9. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

Dated:   June 27, 2017          /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE